**KATTEN MUCHIN ROSENMAN LLP**
Alan R. Friedman (SBN 241904)
  alan.friedman@kattenlaw.com
Gail Migdal Title (SBN 49023)
  gail.title@kattenlaw.com
Kristin L. Holland (SBN 187314)
  kristin.holland@kattenlaw.com
Tami Kameda Sims (SBN 245628)
  tami.sims@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471

Attorneys for Defendants Ignazio Cipriani and
Maggio Cipriani

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# CENTRAL DIVISION

| | |
|---|---|
| MICHAEL CHOW, known as "MR CHOW," MR CHOW ENTERPRISES, LTD., a California Limited Partnership, MC MIAMI ENTERPRISES, LLC, a Florida Limited Liability Company, MC TRIBECA, LLC, a New York Limited Liability Company, and TC VENTURES, INC., a New York Corporation,<br><br>                  Plaintiffs,<br><br>        vs.<br><br>GIUSEPPE CIPRIANI, IGNAZIO CIPRIANI, MAGGIO CIPRIANI and DOES 1 through 10,<br><br>                  Defendants. | CASE NO. CV-11-03566 AHM (RZx)<br><br>[Hon. A. Howard Matz]<br><br>**ANSWER OF IGNAZIO CIPRIANI AND MAGGIO CIPRIANI TO PLAINTIFFS' COMPLAINT**<br><br>**DEMAND FOR A JURY TRIAL** |

# ANSWER

Defendants Ignazio Cipriani and Maggio Cipriani (collectively, "Defendants"), for themselves and for no other defendants, hereby respond to the Complaint filed by Plaintiffs Michael Chow, Mr. Chow Enterprises, Ltd., MC Miami Enterprises, LLC, MC Tribeca, LLC, and TC Ventures, Inc. (collectively, "Plaintiffs") as follows:

## ANSWER TO JURISDICTION AND VENUE ALLEGATIONS

1.  Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiffs have alleged causes of action that purport to arise under the Lanham Act and under statutory and common law of the State of California. Defendants further admit that upon information and belief this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1338(b) and 1367 (a). Defendants further admit that on information and belief venue is proper in this Court based upon 28 U.S.C. §§ 1391(b) and (c). Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph, and on that basis deny each and every remaining allegation contained in Paragraph 1.

## ANSWER TO FACTS ALLEGEDLY RELEVANT TO EACH CLAIM

2.  Answering Paragraph 2 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained therein.

3.  Answering Paragraph 3 of the Complaint, Defendants deny each and every allegation contained therein.

4.  Answering Paragraph 4 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained therein.

5.  Answering Paragraph 5 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained therein.

6. Answering Paragraph 6 of the Complaint, Defendants deny each and every allegation contained therein.

7. Answering Paragraph 7 of the Complaint, Defendants deny each and every allegation contained therein.

8. Answering Paragraph 8 of the Complaint, Defendants admit that they have not previously operated a business under the name "Mr. C." Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 8.

9. Answering Paragraph 9 of the Complaint, Defendants deny each and every allegation contained therein.

10. Answering Paragraph 10 of the Complaint, Defendants deny each and every allegation contained therein.

## ANSWER TO SECOND CLAIM FOR RELIEF[1]

### (Lanham Act Violation – Against All Defendants)

11. Answering Paragraph 11 of the Complaint, Defendants hereby incorporate by reference the responses set forth above in Paragraphs 1 through 10 inclusive, as if fully set forth herein.

12. Answering Paragraph 12, Defendants deny each and every allegation contained therein.

13. Answering Paragraph 13, Defendants deny each and every allegation contained therein.

14. Answering Paragraph 14, Defendants deny each and every allegation contained therein.

15. Answering Paragraph 15, Defendants deny each and every allegation contained therein.

/ / /

/ / /

/ / /

---

[1] The Complaint does not state a first claim for relief.

## ANSWER TO THIRD CLAIM FOR RELIEF

### (Dilution of Famous Trade Name – Against All Defendants)

16. Answering Paragraph 16 of the Complaint, Defendants hereby incorporate by reference the responses set forth above in Paragraphs 1 through 10 inclusive, as if fully set forth herein.

17. Answering Paragraph 17, Defendants deny each and every allegation contained therein.

18. Answering Paragraph 18, Defendants deny each and every allegation contained therein.

19. Answering Paragraph 19, Defendants deny each and every allegation contained therein.

20. Answering Paragraph 20, Defendants deny each and every allegation contained therein.

## ANSWER TO FOURTH CLAIM FOR RELIEF

### (Violation of California Business & Professions Code § 17,200 et seq.)

21. Answering Paragraph 21 of the Complaint, Defendants hereby incorporate by reference the responses set forth above in Paragraphs 1 through 10 inclusive, as if fully set forth herein.

22. Answering Paragraph 22, Defendants deny each and every allegation contained therein.

23. Answering Paragraph 23, Defendants deny each and every allegation contained therein.

24. Answering Paragraph 24, Defendants deny each and every allegation contained therein.

25. Answering Paragraph 25, Defendants deny each and every allegation contained therein.

/ / /

/ / /

## ANSWER TO FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

26. Answering Paragraph 26 of the Complaint, Defendants hereby incorporate by reference the responses set forth above in Paragraphs 1 through 10 inclusive, as if fully set forth herein.

27. Answering Paragraph 27, Defendants deny each and every allegation contained therein.

28. Answering Paragraph 28, Defendants deny each and every allegation contained therein.

29. Answering Paragraph 29, Defendants deny each and every allegation contained therein.

30. Answering Paragraph 30, Defendants deny each and every allegation contained therein.

## ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF

Defendants deny each and every averment and request for relief contained in the prayer for relief in the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to Comply With C.D. Cal. Local Rule 3-1)

1. As a first affirmative defense to the causes of action asserted against Defendants, Defendants assert that Plaintiffs have failed to comply with C.D. Cal. Local Rule 3-1 which requires counsel to provide required notice to the Patent and Trademark Office in all trademark matters.

### Second Affirmative Defense

### (No Ownership)

2. As a second affirmative defense to the causes of action asserted against Defendants, Defendants assert that Plaintiffs have failed to plead sufficient facts to show an ownership interest in the trademarks in question.

### Third Affirmative Defense

### (Failure to State a Claim)

3. As a third affirmative defense to the causes of action asserted against Defendants, Defendants assert that the Complaint has failed to state a claim upon which relief may be granted, including but not limited to, failure to plead sufficient alter ego allegations.

### Fourth Affirmative Defense

### (Fair Use)

4. As a fourth affirmative defense to the causes of action asserted against Defendants, Defendants assert that if any use of Plaintiffs' mark was made, which Defendants expressly deny, such use constitutes a fair use, and Plaintiffs are precluded from obtaining any relief therefore.

### Fifth Affirmative Defense

### (Laches)

5. As a fifth affirmative defense to the causes of action asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

### (Estoppel)

6. As a sixth affirmative defense to the causes of action asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### Seventh Affirmative Defense

### (Unclean Hands)

7. As a seventh affirmative defense to the causes of action asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

///

## Eighth Affirmative Defense

### (Acquiescence)

8. As an eighth affirmative defense to the causes of action asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' actions have implied acquiescence to Defendants' activities.

## Ninth Affirmative Defense

### (Trademark Misuse)

9. As a ninth affirmative defense to the causes of action asserted against Defendants, Defendants assert that Plaintiffs assert their trademark claims unlawfully and in bad faith, to intimidate and to restrain trade. Plaintiffs' claims are therefore barred, in whole or in part, by the doctrine of trademark misuse.

## Tenth Affirmative Defense

### (Abandonment)

10. As a tenth affirmative defense to the causes of action asserted against Defendants, Defendants assert that to the extent Plaintiffs had any rights in their mark, Plaintiff has abandoned those rights.

## Eleventh Affirmative Defense

### (Ownership of a Valid Registration)

11. As an eleventh affirmative defense to the dilution claims asserted against Defendants, Defendants assert that Plaintiffs' dilution claims are barred under 15 U.S.C. 1125(c)(6) because Defendants own a valid federal registration of their mark.

## Twelfth Affirmative Defense

### (Federal Preemption)

12. As a twelfth affirmative defense to the causes of action asserted against Defendants, Defendants assert that to the extent Plaintiffs' state law claims seek relief that is inconsistent with limitations under Federal law, these claims are barred by preemption.

/ / /

### Thirteenth Affirmative Defense

### (First Amendment)

13. As a thirteenth affirmative defense to the causes of action asserted against Defendants, Defendants assert that any use of Plaintiffs' mark, which Defendants expressly deny, constitutes protected expression under the First Amendment of the United States Constitution.

### Fourteenth Affirmative Defense

### (Right To Use One's Own Name)

14. As a fourteenth affirmative defense to the causes of action asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, because Defendants have the right to use their own names and nicknames.

### Fifteenth Affirmative Defense

### (Surname)

15. As a fifteenth affirmative defense to the causes of action asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, pursuant to 15 U.S.C. § 1052(e)(4), (f).

### Sixteenth Affirmative Defense

### (No Secondary Meaning)

16. As a sixteenth affirmative defense to the causes of action asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' mark has not attained secondary meaning.

### Seventeenth Affirmative Defense

### (No Consumer Confusion)

17. As a seventeenth affirmative defense to the trademark infringement claims asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, because the marks at issue are not confusingly similar.

/ / /

/ / /

**ANSWER OF IGNAZIO CIPRIANI AND MAGGIO CIPRIANI TO PLAINTIFFS' COMPLAINT**

### Eighteenth Affirmative Defense
### (Lack Of A Famous Mark)

18.   As an eighteenth affirmative defense to the dilution claims asserted against Defendants, Defendants assert that Plaintiffs' alleged mark does not qualify as a "famous" mark under the Lanham Act or otherwise.

### Nineteenth Affirmative Defense
### (Lack Of Injury)

19.   As a nineteenth affirmative defense to the causes of action asserted against Defendants, Defendants assert that Plaintiffs have not suffered any injury by any of the acts in the Complaint alleged to have been committed by Defendants.

### Twentieth Affirmative Defense
### (Lack Of Dilution)

20.   As a twentieth affirmative defense to the dilution claims asserted against Defendants, Defendants assert that the use of their own mark is not likely to dilute or blur the distinctive quality of Plaintiffs' alleged mark or otherwise damage its goodwill.

### Twenty-First Affirmative Defense
### (Highly Diluted)

21.   As a twenty-first affirmative defense to the dilution claims asserted against Defendants, Defendants assert that Plaintiffs' alleged mark does not qualify for protection under the anti-dilution section of the Lanham Act because such term is already highly diluted.

### Twenty-Second Affirmative Defense
### (Descriptive)

22.   As a twenty-second affirmative defense to the causes of action asserted against Defendants, Defendants assert that Plaintiffs' alleged mark is merely descriptive.

/ / /

**ANSWER OF IGNAZIO CIPRIANI AND MAGGIO CIPRIANI TO PLAINTIFFS' COMPLAINT**

### Twenty-Third Affirmative Defense

### (Generic)

23. As a twenty-third affirmative defense to the causes of action asserted against Defendants, Defendants assert that Plaintiffs' alleged mark is a generic designation.

### Additional Affirmative Defenses Reserved

Defendants hereby give notice that they reserve the right to allege additional affirmative defenses and additional facts supporting their defenses after conducting discovery, further investigation, research and analysis.

### PRAYER FOR RELIEF

WHEREFORE, DEFENDANTS pray for relief as follows:

1. That Plaintiffs takes nothing by way of the Complaint;
2. That judgment be entered in favor of Defendants and against Plaintiffs;
3. That Defendants be awarded their costs of suit incurred herein and reasonable attorneys' fees; and
4. Any other relief the Court deems appropriate.

Respectfully submitted,

Dated: July 5, 2011        KATTEN MUCHIN ROSENMAN LLP

By: /s/ Kristin L. Holland
　　　Kristin L. Holland
Attorneys for Defendants Ignazio Cipriani and Maggio Cipriani

## DEMAND FOR A JURY TRIAL

Defendants hereby demand trial by jury on all issues triable of right by jury.

Respectfully submitted,

Dated: July 5, 2011                     KATTEN MUCHIN ROSENMAN LLP

By: /s/ Kristin L. Holland
     Kristin L. Holland
Attorneys for Defendants Ignazio Cipriani and Maggio Cipriani