**KATTEN MUCHIN ROSENMAN LLP**
Alan R. Friedman (SBN 241904)
  alan.friedman@kattenlaw.com
Gail Migdal Title (SBN 49023)
  gail.title@kattenlaw.com
Kristin L. Holland (SBN 187314)
  kristin.holland@kattenlaw.com
Tami Kameda Sims (SBN 245628)
  tami.sims@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471

Attorneys for Defendants Giuseppe Cipriani,
Ignazio Cipriani, Maggio Cipriani, Mr. C
Manager, LLC, and Mr. C-USA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# CENTRAL DIVISION

| | |
|---|---|
| MICHAEL CHOW, known as "MR CHOW," MR CHOW ENTERPRISES, LTD., a California Limited Partnership, MC MIAMI ENTERPRISES, LLC, a Florida Limited Liability Company, MC TRIBECA, LLC, a New York Limited Liability Company, and TC VENTURES, INC., a New York Corporation,<br><br>        Plaintiffs,<br><br>    vs.<br><br>GIUSEPPE CIPRIANI, IGNAZIO CIPRIANI, MAGGIO CIPRIANI and DOES 1 through 10,<br><br>        Defendants. | CASE NO. CV-11-03566 AHM (RZx)<br><br>[Hon. A. Howard Matz]<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**<br><br>**DEMAND FOR A JURY TRIAL** |

# ANSWER

Defendants Giuseppe Cipriani, Ignazio Cipriani, Maggio Cipriani, Mr. C Manager, LLC and Mr. C-USA, LLC (collectively, "Defendants"), hereby respond to the amended Complaint filed by Plaintiffs Michael Chow, Mr. Chow Enterprises, Ltd., MC Miami Enterprises, LLC, MC Tribeca, LLC, and TC Ventures, Inc. (collectively, "Plaintiffs") as follows:[1]

## ANSWER TO JURISDICTION AND VENUE ALLEGATIONS

1. Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiffs have alleged claims for relief that purport to arise under the Lanham Act and under statutory and common law of the State of California. Defendants further admit that upon information and belief this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1338(b) and 1367 (a). Defendants further admit that on information and belief venue is proper in this Court based upon 28 U.S.C. §§ 1391(b) and (c). Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph, and on that basis deny each and every remaining allegation contained in Paragraph 1.

## ANSWER TO FACTS ALLEGEDLY RELEVANT TO EACH CLAIM

2. Answering Paragraph 2 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained therein.

3. Answering Paragraph 3 of the Complaint, Defendants deny each and every allegation contained therein.

---

[1] Pursuant to the Court's Order of September 2, 2011, Plaintiffs' Complaint was amended to add Mr. C Manager, LLC and Mr. C-USA, LLC for fictitiously named Doe Defendants 1 and 2. *See* Dkt. 13.

Defendants Ignazio Cipriani and Maggio Cipriani previously filed an Answer to Plaintiffs' original Complaint (Dkt No. 6) on July 5, 2011; this Answer supersedes that prior Answer.

4.      Answering Paragraph 4 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained therein.

5.      Answering Paragraph 5 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained therein.

6.      Answering Paragraph 6 of the Complaint, Defendant Giuseppe Cipriani admits that he has operated hotels, restaurants and bars in various parts of the world. Defendant Giuseppe Cipriani further admits that he is aware of the "Mr. Chow" restaurants.  Except as expressly admitted, Defendants deny each and every allegation contained therein.

7.      Answering Paragraph 7 of the Complaint, Defendants deny each and every allegation contained therein.

8.      Answering Paragraph 8 of the Complaint, Defendants admit that they have not previously operated a business under the name "Mr. C."  Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 8.

9.      Defendant Mr. C Manager, LLC admits that it provides certain services with respect to the day-to-day operation and management of the Mr. C hotel and restaurant located at 1224 Beverwil Drive, Los Angeles, CA 90035.  Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 9.

10.     Answering Paragraph 10 of the Complaint, Defendants deny each and every allegation contained therein.

/ / /

/ / /

/ / /

/ / /

/ / /

# ANSWER TO SECOND CLAIM FOR RELIEF[2]

### (Lanham Act Violation – Against All Defendants)

11. Answering Paragraph 11 of the Complaint, Defendants hereby incorporate by reference the responses set forth above in Paragraphs 1 through 10 inclusive, as if fully set forth herein.

12. Answering Paragraph 12, Defendants deny each and every allegation contained therein.

13. Answering Paragraph 13, Defendants deny each and every allegation contained therein.

14. Answering Paragraph 14, Defendants deny each and every allegation contained therein.

15. Answering Paragraph 15, Defendants deny each and every allegation contained therein.

# ANSWER TO THIRD CLAIM FOR RELIEF

### (Dilution of Famous Trade Name – Against All Defendants)

16. Answering Paragraph 16 of the Complaint, Defendants hereby incorporate by reference the responses set forth above in Paragraphs 1 through 10 inclusive, as if fully set forth herein.

17. Answering Paragraph 17, Defendants deny each and every allegation contained therein.

18. Answering Paragraph 18, Defendants deny each and every allegation contained therein.

19. Answering Paragraph 19, Defendants deny each and every allegation contained therein.

20. Answering Paragraph 20, Defendants deny each and every allegation contained therein.

/ / /

---

[2] The Complaint does not state a first claim for relief.

**ANSWER TO FOURTH CLAIM FOR RELIEF**

**(Violation of California Business & Professions Code § 17,200 et seq.)**

21. Answering Paragraph 21 of the Complaint, Defendants hereby incorporate by reference the responses set forth above in Paragraphs 1 through 10 inclusive, as if fully set forth herein.

22. Answering Paragraph 22, Defendants deny each and every allegation contained therein.

23. Answering Paragraph 23, Defendants deny each and every allegation contained therein.

24. Answering Paragraph 24, Defendants deny each and every allegation contained therein.

25. Answering Paragraph 25, Defendants deny each and every allegation contained therein.

**ANSWER TO FIFTH CLAIM FOR RELIEF**

**(Common Law Unfair Competition)**

26. Answering Paragraph 26 of the Complaint, Defendants hereby incorporate by reference the responses set forth above in Paragraphs 1 through 10 inclusive, as if fully set forth herein.

27. Answering Paragraph 27, Defendants deny each and every allegation contained therein.

28. Answering Paragraph 28, Defendants deny each and every allegation contained therein.

29. Answering Paragraph 29, Defendants deny each and every allegation contained therein.

30. Answering Paragraph 30, Defendants deny each and every allegation contained therein.

/ / /

/ / /

**ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF**

Defendants deny each and every averment and request for relief contained in the prayer for relief in the Complaint.

As affirmative defenses to Plaintiffs' amended Complaint, without assuming any burdens of proof, Defendants allege as follows:

**DEFENDANTS' AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

**(All Defendants)**

**(Failure to Comply With C.D. Cal. Local Rule 3-1)**

1. As a first affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs have failed to comply with C.D. Cal. Local Rule 3-1 which requires counsel to provide required notice to the Patent and Trademark Office in all trademark matters.

**Second Affirmative Defense**

**(All Defendants)**

**(No Ownership)**

2. As a second affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs have failed to plead sufficient facts to show an ownership interest in the trademarks in question.

**Third Affirmative Defense**

**(All Defendants)**

**(Failure to State a Claim)**

3. As a third affirmative defense to the claims for relief asserted against Defendants, Defendants assert that the Complaint has failed to state a claim upon which relief may be granted as against any Defendant.

/ / /

/ / /

/ / /

## Fourth Affirmative Defense

### (All Defendants)

### (Fair Use)

4. As a fourth affirmative defense to the claims for relief asserted against Defendants, Defendants assert that if any use of Plaintiffs' mark was made, which Defendants expressly deny, such use constitutes a fair use, and Plaintiffs are precluded from obtaining any relief therefore.

## Fifth Affirmative Defense

### (All Defendants)

### (Laches)

5. As a fifth affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## Sixth Affirmative Defense

### (All Defendants)

### (Estoppel)

6. As a sixth affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## Seventh Affirmative Defense

### (All Defendants)

### (Waiver)

7. As a seventh affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

/ / /

/ / /

/ / /

### Eighth Affirmative Defense

### (All Defendants)

### (Unclean Hands)

8. As an eighth affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Ninth Affirmative Defense

### (All Defendants)

### (Acquiescence)

9. As a ninth affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' actions have implied acquiescence to Defendants' activities.

### Tenth Affirmative Defense

### (All Defendants)

### (Trademark Misuse)

10. As a tenth affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs assert their trademark claims unlawfully and in bad faith, to intimidate and to restrain trade. Plaintiffs' claims are therefore barred, in whole or in part, by the doctrine of trademark misuse.

### Eleventh Affirmative Defense

### (All Defendants)

### (Abandonment)

11. As an eleventh affirmative defense to the claims for relief asserted against Defendants, Defendants assert that to the extent Plaintiffs had any rights in their mark, Plaintiffs have abandoned those rights.

/ / /

/ / /

/ / /

## Twelfth Affirmative Defense

### (All Defendants)

### (Ownership of a Valid Registration)

12. As a twelfth affirmative defense to the dilution claims asserted against Defendants, Defendants assert that Plaintiffs' dilution claims are barred under 15 U.S.C. 1125(c)(6) because Defendants own a valid federal registration of their mark.

## Thirteenth Affirmative Defense

### (All Defendants)

### (Federal Preemption)

13. As a thirteenth affirmative defense to the claims for relief asserted against Defendants, Defendants assert that to the extent Plaintiffs' state law claims seek relief that is inconsistent with limitations under Federal law, these claims are barred by preemption.

## Fourteenth Affirmative Defense

### (All Defendants)

### (First Amendment)

14. As a fourteenth affirmative defense to the claims for relief asserted against Defendants, Defendants assert that any use of Plaintiffs' mark, which Defendants expressly deny, constitutes protected expression under the First Amendment of the United States Constitution.

## Fifteenth Affirmative Defense

### (All Defendants)

### (Right To Use One's Own Name)

15. As a fifteenth affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, because Defendants have the right to use the names and nicknames of Giuseppe Cipriani, Ignazio Cipriani, and Maggio Cipriani.

///

**Sixteenth Affirmative Defense**

**(All Defendants)**

**(Surname)**

16. As a sixteenth affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, pursuant to 15 U.S.C. § 1052(e)(4), (f).

**Seventeenth Affirmative Defense**

**(All Defendants)**

**(No Secondary Meaning)**

17. As a seventeenth affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' mark has not attained secondary meaning.

**Eighteenth Affirmative Defense**

**(All Defendants)**

**(No Consumer Confusion: Similarity of the Mark)**

18. As an eighteenth affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, because the marks at issue are not confusingly similar.

**Nineteenth Affirmative Defense**

**(All Defendants)**

**(No Consumer Confusion: Similarity of Products and Services)**

19. As a nineteenth affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' services and Defendants' services are not competitive with each other, including but not limited to the fact that the Mr. Chow restaurants and the Mr. C restaurant serve different cuisine, and, as a result, no confusion will arise.

/ / /

/ / /

### Twentieth Affirmative Defense

### (All Defendants)

### (No Consumer Confusion: Similarity of Products and Services)

20. As a twentieth affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' services and Defendants' services are not competitive with each other, including but not limited to the fact that Plaintiffs do not operate a hotel, and, as a result, no confusion will arise.

### Twenty-First Affirmative Defense

### (All Defendants)

### (Lack Of A Famous Mark)

21. As a twenty-first affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs' alleged mark does not qualify as a "famous" mark under the Lanham Act or otherwise.

### Twenty-Second Affirmative Defense

### (All Defendants)

### (Lack Of Injury)

22. As a twenty-second affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs have not suffered any injury by any of the acts in the Complaint alleged to have been committed by Defendants.

### Twenty-Third Affirmative Defense

### (All Defendants)

### (Lack Of Dilution)

23. As a twenty-third affirmative defense to the dilution claims asserted against Defendants, Defendants assert that the use of their own mark is not likely to dilute or blur the distinctive quality of Plaintiffs' alleged mark or otherwise damage its goodwill.

///

**Twenty-Fourth Affirmative Defense**

**(All Defendants)**

**(Highly Diluted)**

24. As a twenty-fourth affirmative defense to the dilution claims asserted against Defendants, Defendants assert that Plaintiffs' alleged mark does not qualify for protection under the anti-dilution section of the Lanham Act because such term is already highly diluted.

**Twenty-Fifth Affirmative Defense**

**(All Defendants)**

**(Descriptive)**

25. As a twenty-fifth affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs' alleged mark is merely descriptive.

**Twenty-Sixth Affirmative Defense**

**(All Defendants)**

**(Generic)**

26. As a twenty-sixth affirmative defense to the claims for relief asserted against Defendants, Defendants assert that Plaintiffs' alleged mark is a generic designation.

**Twenty-Seventh Affirmative Defense**

**(Defendants Giuseppe Cipriani, Ignazio Cipriani, and Maggio Cipriani)**

**(Lack of Evidence to Pierce the Corporate Veil)**

27. As a twenty-seventh affirmative defense to the claims for relief asserted against Defendants, Defendants Giuseppe Cipriani, Ignazio Cipriani, and Maggio Cipriani assert that they do not have alter ego relationships with Defendants Mr. C Manager, LLC and Mr. C-USA, LLC. Plaintiffs have not provided sufficient evidence to justify the dissolution of the corporate veil, and therefore, any alleged actions, conduct, or liability of Defendants Mr. C Manager, LLC and Mr. C-USA, LLC are not

attributable to Giuseppe Cipriani, Ignazio Cipriani, or Maggio Cipriani; they are not proper parties to this lawsuit or liable for Plaintiffs' alleged damages.

## Twenty-Eighth Affirmative Defense
### (Defendant Mr. C Manager, LLC)
### (Lack of Evidence to Pierce the Corporate Veil)

28.   As a twenty-eighth affirmative defense to the claims for relief asserted against Defendants, Defendant Mr. C Manager, LLC asserts that Defendant Mr. C-USA, LLC is an independent affiliate and that it does not have an alter ego relationship with Defendant Mr. C-USA, LLC.  Plaintiffs have not provided sufficient evidence to justify the dissolution of the corporate veil, and therefore, any alleged actions, conduct, or liability of Mr. C-USA, LLC are not attributable to Defendant Mr. C Manager, LLC.

## Twenty-Ninth Affirmative Defense
### (Defendant Mr. C-USA, LLC)
### (Lack of Evidence to Pierce the Corporate Veil)

29.   As a twenty-ninth affirmative defense to the claims for relief asserted against Defendants, Defendant Mr. C-USA, LLC asserts that Defendant Mr. C Manager, LLC is an independent affiliate and that it does not have an alter ego relationship with Defendant Mr. C Manager, LLC.  Plaintiffs have not provided sufficient evidence to justify the dissolution of the corporate veil, and therefore, any alleged actions, conduct, or liability of Mr. C Manager, LLC are not attributable to Defendant Mr. C-USA, LLC.

## Thirtieth Affirmative Defense
### (Defendants Giuseppe Cipriani, Ignazio Cipriani, and Maggio Cipriani)
### (No Individual Liability/Not Proper Parties)

30.   As a thirtieth affirmative defense to the claims for relief asserted against Defendants, Defendants Giuseppe Cipriani, Ignazio Cipriani, and Maggio Cipriani

assert that they are not personally liable for any allegedly infringing acts of Mr. C Manager, LLC or Mr. C-USA, LLC.

### Thirty-First Affirmative Defense

### (Defendant Giuseppe Cipriani)

### (Lack of Personal Jurisdiction)

31. As a thirty-first affirmative defense to the claims for relief asserted against Defendants, Defendant Giuseppe Cipriani asserts that he is not subject to personal jurisdiction in California and, even if there is jurisdiction over him, the exercise of such jurisdiction would be unreasonable.

### Additional Affirmative Defenses Reserved

Defendants hereby give notice that they reserve the right to allege additional affirmative defenses and additional facts supporting their defenses after conducting discovery, further investigation, research and analysis.

### PRAYER FOR RELIEF

WHEREFORE, DEFENDANTS pray for relief as follows:

1. That Plaintiffs takes nothing by way of the Complaint;
2. That judgment be entered in favor of Defendants and against Plaintiffs;
3. That Defendants be awarded their costs of suit incurred herein and reasonable attorneys' fees; and
4. Any other relief the Court deems appropriate.

Respectfully submitted,

Dated: September 23, 2011    KATTEN MUCHIN ROSENMAN LLP

By: /s/ Kristin L. Holland
    Kristin L. Holland
Attorneys for Defendants Giuseppe Cipriani, Ignazio Cipriani, Maggio Cipriani, Mr. C Manager, LLC, and Mr. C-USA, LLC

## DEMAND FOR A JURY TRIAL

Defendants hereby demand trial by jury on all issues triable of right by jury.

Respectfully submitted,

Dated: September 23, 2011          KATTEN MUCHIN ROSENMAN LLP

By: /s/ Kristin L. Holland
    Kristin L. Holland
Attorneys for Defendants Giuseppe Cipriani, Ignazio Cipriani, Maggio Cipriani, Mr. C Manager, LLC, and Mr. C-USA, LLC