**KATTEN MUCHIN ROSENMAN LLP**
Alan R. Friedman (SBN 241904)
  alan.friedman@kattenlaw.com
Gail Migdal Title (SBN 49023)
  gail.title@kattenlaw.com
Kristin L. Holland (SBN 187314)
  kristin.holland@kattenlaw.com
Tami Kameda Sims (SBN 245628)
  tami.sims@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471

Attorneys for Defendants Giuseppe Cipriani, Ignazio Cipriani, Maggio Cipriani, Mr. C. Manager, LLC, and Mr. C-USA, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**CENTRAL DIVISION**

| | |
|---|---|
| MICHAEL CHOW, KNOWN AS "MR CHOW," MR CHOW ENTERPRISES, LTD., a California Limited Partnership, MC MIAMI ENTERPRISES, LLC, a Florida Limited Liability Company, MC TRIBECA, LLC, a New York Limited Liability Company, and TC VENTURES, INC., a New York Corporation,<br><br>          Plaintiffs,<br><br>     vs.<br><br>GIUSEPPE CIPRIANI, IGNAZIO CIPRIANI, MAGGIO CIPRIANI and DOES 1 through 10,<br><br>          Defendants. | CASE NO. CV-11-03566 AHM (RZx)<br><br>[Hon. A. Howard Matz]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

WHEREAS, the parties to this action having agreed, through their respective counsel, to the entry of the following Protective Order ("Protective Order") pursuant to Rule 26(c) of the Federal Rule of Civil Procedure,

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. <u>Purpose of the Protective Order and Definition of Materials Subject To the Protective Order.</u>  Plaintiffs Michael Chow, MC Miami Enterprises, LLC, MC Tribeca, LLC, and TC Ventures, Inc. (collectively, "Plaintiffs") are engaged in the restaurant business and related businesses.  Defendants Giuseppe Cipriani, Ignazio Cipriani, Maggio Cipriani, Mr. C. Manager, LLC, and Mr. C-USA, LLC (collectively "Defendants") are engaged in the hospitality business and restaurant business and/or provide services to companies engaged in the hospitality business and restaurant business.  Through the course of this action, Plaintiffs and Defendants (a "Party" or the "Parties") have sought discovery and/or anticipate seeking discovery relating to the following "SENSITIVE BUSINESS INFORMATION" pertaining to the Parties' respective businesses, *i.e.*,:

    (a)    information on revenue, profit or costs;

    (b)    financial projections, evaluations, or forecasts of revenue, profit or costs;

    (c)    business plans;

    (d)    market research or surveys;

    (e)    business models.

Due to its confidential and proprietary nature, SENSITIVE BUSINESS INFORMATION concerning a Party, if made public, would greatly prejudice such Party because its competitors would be able to utilize the SENSITIVE BUSINESS INFORMATION to gain an unfair business advantage.

Accordingly, good cause exists to allow the Parties, or any nonparty from whom discovery is sought, to designate materials, documents, things, or other information or evidence whose discovery is contemplated under Rules 26-37, and 45 of the Federal Rules of Civil Procedure, including without limitation, deposition testimony, answers to requests for admissions, answers to interrogatories, and documents or things which contain, include, constitute, or refer to, the SENSITIVE

BUSINESS INFORMATION as "CONFIDENTIAL" (hereinafter "CONFIDENTIAL Materials").

2. <u>Scope Of The Protective Order.</u> Anything that is designated CONFIDENTIAL shall be deemed subject to the provisions of this Protective Order. Further, copies of CONFIDENTIAL Materials and any receiving Party's summary, compilation, or expression in another medium of all or a portion of these materials are protected under this Protective Order to the same extent as the original CONFIDENTIAL Materials. No Party or nonparty shall designate material as "CONFIDENTIAL" unless counsel for the designating Party or nonparty believes in good faith that the designated material is entitled to protection under Federal Rule of Civil Procedure 26(c)(7) and by the terms of this Protective Order and that the designated material is not already available to the general public.

3. <u>Designation Of Material Subject To The Protective Order.</u> Whenever a Party or nonparty herein determines that a document, thing, or other information (except for deposition testimony) constitutes CONFIDENTIAL Materials, such must be designated prior to its release to the receiving Party as "CONFIDENTIAL." The protocol for designating deposition testimony as "CONFIDENTIAL" is set forth in ¶ 8 below.

4. <u>Persons Authorized To Have Access To CONFIDENTIAL Materials.</u> Access to CONFIDENTIAL Materials that are designated "CONFIDENTIAL," copies thereof, and the information they contain or reflect shall be strictly limited to the following persons who agree to be bound by the terms of this Protective Order:

(a) Counsel, including in-house counsel, for the respective parties and such counsel's associates, paralegals, clerical employees and outside copy service providers ("Counsel");

(b) The Court, court employees, court reporters, stenographic reporters, and videographers;

1      (c)    Potential witnesses or deponents who are specifically named in the CONFIDENTIAL Materials or who are or were familiar with the content of the CONFIDENTIAL Materials to be disclosed to them during their possible testimony or deposition, including any witness or deponent who is indicated on the face of the document to be its originator, author, or recipient of a copy of the document;

    (d)    For purposes of examination of a hostile witness or a nonparty only, Counsel for a Party may use CONFIDENTIAL Materials at a deposition without first identifying the specific CONFIDENTIAL Material which he or she plans to show to the witness or deponent, provided such witnesses or deponents execute an "Acknowledgment to Be Bound By Protective Order" as set forth in Exhibit A prior to reviewing such CONFIDENTIAL Materials, or in the event such witness refuses to execute the "Acknowledgement to Be Bound By Protective Order," the CONFIDENTIAL Materials may be shown to the witness at deposition and attached to the transcript, which shall be designated CONFIDENTIAL;

    (e)    The Parties' bona fide independent (i.e., not previously, not presently, or presently planning to become, employed by or affiliated with a Party or an affiliated company of a Party) outside consultants or experts who are retained solely for the purposes of this litigation provided such outside consultants or experts execute an "Acknowledgment to Be Bound By Protective Order" as set forth in Exhibit A prior to reviewing such CONFIDENTIAL Materials;

    (f)    The officers, directors, partners and employees of the Parties, as counsel in good faith requires in connection with its provision of services in the conduct of this action (and for no other purpose);

    (g)    Any other person to whom Plaintiffs and Defendants, and, if applicable, any nonparty who executed the Protective Order and then produced documents or other information designated pursuant to the Protective Order, agree in writing shall have access; and

    (h)    Any other person to whom the Court directs shall have access.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

5. <u>Filing Protected Material.</u>  If documents or other materials containing or embodying CONFIDENTIAL Materials are filed with the Court, the filing Party shall follow the procedures set forth in Local Rule 79-5.1 to request approval from the Court to file the documents or other materials under seal unless written permission from the designating Party is received to forgo this provision or the designating Party agrees to request the approval from the Court to file the documents or other materials under seal.  Pursuant to Local Rule 79-5.1, no document may be filed under seal absent a court order.  If a receiving Party's request (or designating Party's request) to file CONFIDENTIAL Materials under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the receiving Party may file the material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.  In the event that the documents or other materials are filed under seal, all papers that refer to or rely upon such sealed evidence shall designate the particular aspects that reference CONFIDENTIAL Materials.

6. <u>Procedure For Designating Deposition Testimony.</u>  In the event that a question is asked at a deposition that calls for or results in the disclosure of CONFIDENTIAL Materials, counsel for the Party claiming such confidentiality may designate the question and answer as "CONFIDENTIAL" by making a statement on the record at the deposition so designating such portions and directing the reporter to place such designated CONFIDENTIAL Materials on separate transcript pages prominently marked with the legend "CONFIDENTIAL."  Regardless of whether any designation was given at the deposition, deposition transcripts shall be treated as "CONFIDENTIAL" under ¶ 1 of this Protective Order for seven (7) business days after delivery of the transcript to the parties.  Counsel for any Party or, if applicable, for the nonparty deponent shall have seven (7) business days after receipt of the deposition transcript within which to notify counsel for the Parties and, if applicable, for the nonparty deponent of the portions of the transcript (by specific page and line numbers) to be designated as "CONFIDENTIAL."  Subject to ¶ 11 below, designation

4
**STIPULATED PROTECTIVE ORDER**

of confidentiality is waived after the expiration of the aforementioned seven-day period, unless designated at the time of the deposition or within such time period, or otherwise stipulated or ordered.  Any third party present at a deposition who has not signed an "Acknowledgment to Be Bound By Protective Order" and is not authorized to receive or otherwise review "CONFIDENTIAL" Materials shall not be permitted to hear testimony designated during the conduct of the deposition as "CONFIDENTIAL" and shall be required to leave the deposition during such testimony.  For the avoidance of doubt, the presence of such a person at the deposition shall not constitute a waiver of a Party's or a nonparty deponent's right to designate testimony as "CONFIDENTIAL" Materials hereunder.

7. <u>Use Of Protected Material.</u>  Every person, firm, or organization receiving CONFIDENTIAL Materials pursuant to this Protective Order (a) shall use the same solely for purposes of this action, (b) shall not use the same for any other business, commercial, or competitive purpose, and (c) agrees to subject himself/herself/itself to the jurisdiction of this Court for the purpose of any proceeding relating to performance under, compliance with, or violation of this Protective Order.  The District Court for the Central District of California shall retain jurisdiction to enforce this Protective Order even after termination of this action.  This Protective Order, however, in no way operates to restrict the disclosure or use of any information which (x) was, is, or lawfully becomes publicly available other than through violations of this Protective Order; (y) was or is acquired by a Party from a third party having the right to disclose such information to the recipient without any restriction on confidentiality; or (z) was lawfully possessed by the non-designating Party prior to entry by the Court of the Order.

8. <u>Procedure For Disputing The Designation Of Protected Material.</u>  Each Party reserves the right to dispute the designation by any other Party or nonparty of any document or other material or information as "CONFIDENTIAL."  The Parties shall first try to resolve any such dispute relating to designations on an informal basis

1  before presenting the dispute to the Court.  Any Party believing that any information,
2  documents, or things have been inappropriately designated by another Party or
3  nonparty as "CONFIDENTIAL" shall so inform counsel for the Party or nonparty
4  making the designation in writing.  If the Parties (and nonparty, if applicable) are
5  unable to resolve the matter informally, in compliance with applicable Local Rules,
6  the Party objecting to the designation may then file an appropriate motion with the
7  Court.  Until and unless the Court may finally determine that such documents,
8  information, or materials are not properly designated as "CONFIDENTIAL," the same
9  shall continue to be treated as "CONFIDENTIAL" in accordance with the terms of
10 this Protective Order.  In connection with such motion, the designating Party has the
11 burden of demonstrating the item designated contains SENSITIVE BUSINESS
12 INFORMATION of such nature as to justify its designation and shall make the
13 materials that are the subject of the motion available to the Court *in camera* for its
14 review and evaluation, but shall not be required to file such CONFIDENTIAL
15 Materials.
16      9.   Right To Assert Other Objections And Amendments To The Protective
17 Order.  Except as stated herein, by making documents, things, and other information
18 designated as CONFIDENTIAL Materials available for use in this action, neither
19 Plaintiffs nor Defendants have waived or compromised the confidentiality or
20 protectability of the information or documents.  Neither the taking of any action in
21 accordance with the provisions of the Protective Order, nor the failure to object
22 thereto, shall in any way prejudice any claim or defense in this proceeding or any right
23 of a third party.  Additionally, nothing in this Protective Order shall prejudice any
24 Party from seeking amendments to this Protective Order that broaden or restrict the
25 rights of access to and use of CONFIDENTIAL Materials.
26      10.  Inadvertent Production Of Protected Material.  If a Party realizes it has
27 inadvertently produced a document or other material that it considers to contain
28 CONFIDENTIAL Material without marking it as "CONFIDENTIAL," it may contact

1 the receiving Party and notify it of such inadvertent production.  The
2 "CONFIDENTIAL" document or other material will thereafter be treated by the
3 receiving Party as "CONFIDENTIAL," and will be subject to the terms of this
4 Protective Order.  The designating Party shall promptly thereafter produce a properly
5 designated copy of the document or other material and the receiving Party shall return
6 or destroy unmarked copies and attempt to retrieve any unmarked copies from all
7 individuals who received an unmarked copy.  A designating Party must notify the
8 receiving Party of its inadvertent disclosure at least two weeks before the close of fact
9 discovery or the confidentiality of the document will be waived.

10       11. <u>Inadvertent Production Of Privileged Material.</u>  If a Party realizes it has
11 inadvertently produced a document or other material it considers to be covered by the
12 attorney-client privilege, work product immunity, or other applicable privilege or
13 immunity it may contact the receiving Party and notify it of such inadvertent
14 production.  Such inadvertent disclosure shall not constitute a waiver of any privilege
15 or immunity if the Party:

16     (a) notifies the receiving Party in writing of the delivery of inadvertently
17 produced document or other material; and
18     (b) identifies the produced document or other material:
19         (i) by either Bates stamp number designations; or
20         (ii) by the date(s) of the document(s), the name(s) of its author(s) and
21             the name(s) of each person to whom the document(s) were
22             addressed.
23     Upon receipt of the written notice, the receiving Party will have ten (10) days
24 within which it shall return to the designating Party the inadvertently produced
25 privileged document or other material, and all copies thereof, and all notes made
26 regarding such document or other material must be immediately destroyed, unless the
27 Parties mutually agree upon a longer time for return and destruction of the privileged
28 document or other material.  No use shall be made of such inadvertently produced

1  document or other material during a deposition, hearing, mediation, trial or otherwise,
2  nor shall such document or other material be shown to anyone (unless the person has
3  already been given access to it) subsequent to the request for its return.

4    12. <u>Use Of Protected Material At Trial.</u>  In the event that the case proceeds to
5  trial, all information that was designated CONFIDENTIAL pursuant to the terms of
6  this Protective Order that is used at trial shall become publicly available, unless the
7  designating Party or nonparty shows sufficient cause, in advance of trial, to proceed
8  otherwise.

9    13. <u>Final Disposition.</u>  Within 180 days after conclusion of this action,
10 whether by settlement or by final, non-appealed, decision, all CONFIDENTIAL
11 Materials and all documents that reflect such information (except as provided below)
12 shall be (i) delivered to the Party or nonparty that furnished such materials or (ii) in
13 lieu of delivery to the furnishing Party or nonparty, destroyed, in which event Counsel
14 shall give written certification of such destruction to Counsel for the Party or nonparty
15 producing the CONFIDENTIAL Materials.  In no event shall a Party retain a copy of
16 the CONFIDENTIAL Materials produced to it, except that Counsel may keep one
17 complete set of pleadings and discovery materials containing CONFIDENTIAL
18 Materials for archival purposes.  Furthermore, nothing in this Protective Order
19 requires the return of CONFIDENTIAL Materials filed with the Court.

20
21
22
23

24   This Order shall not govern in connection with dispositive motions or at trial.  If a
25   party desires protection in connection with such proceedings, the party shall make
26   separate application to the judicial officer who will preside over those proceedings,
27   justifying the protection under the standards applicable at that time.  *See Foltz v.*
28

1   *State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003);
2   *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

Dated: November 09, 2011

*[signature: Ralph Zarefsky]*

Honorable Ralph Zarefsky
U.S. Magistrate Judge

SIGNATURES

DATED: October 27, 2011        KATTEN MUCHIN ROSENMAN LLP

By:_____
       KRISTIN L. HOLLAND
Attorneys for Defendants Giuseppe Cipriani, Ignazio Cipriani, Maggio Cipriani, Mr. C Manager, LLC, a New York Limited Liability Company, Mr. C-USA, LLC, a New York Limited Liability Company

DATED: October 27, 2011        GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By:_____
       JULIA R. HAYE
Attorneys for Plaintiffs Michael Chow known as "Mr. Chow," Mr Chow Enterprises, Ltd., a California Limited Partnership, MC Miami Enterprises, LLC, a Florida Limited Liability Company, MC Tribeca, LLC, a New York Limited Liability Company, and TC Ventures, Inc., a New York Corporation

**Exhibit A**

**ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER**

I hereby acknowledge that I am to receive documents, things, or information designated as CONFIDENTIAL pursuant to the terms of the Stipulated Protective Order ("that Protective Order") in *Chow et al. v. Cipriani et al*, (Case No. CV-11-03566) in the United District Court for the Central District of California. I acknowledge receipt of a copy of that Protective Order, and certify that I have read it and that I agree to be bound by the terms and restrictions therein.

I further agree that any document, thing, or other information designated as CONFIDENTIAL pursuant to that Protective Order, and which is delivered to me, will be segregated and kept by me in a safe place, and will not be made known to others except in accordance with the terms of that Protective Order. I further understand and agree that any summaries or other materials containing information obtained from CONFIDENTIAL Materials furnished to me also shall be treated by me in accordance with the terms of that Protective Order. I also agree to dispose of all such CONFIDENTIAL Materials and all summaries or other materials containing information therefrom in such manner as I may be instructed by counsel for the party to the above-referenced lawsuit who provided me with such Materials. I acknowledge that the return or subsequent destruction of such materials shall not relieve me from any of the obligations imposed by that Protective Order.

I hereby agree to be subject to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of that Protective Order. I further acknowledge that I understand that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to abide by and comply with that Protective Order.

Signature: _____         Date: _____

Name: _____              Business Address: _____

Title: _____             Phone: _____